UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | Case No. 25-cv-04741-JST   (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 19 |

Plaintiff Lawrence Brown moves to compel compliance with a subpoena served on non-parties Monterey County and Monterey County Sheriff's Office (collectively, Monterey County). Dkt. 19. Monterey County opposes. Dkt. 26. Having previously found this motion suitable for decision without a hearing, dkt. 44, the Court now denies the motion to compel without prejudice.

Discovery sought from non-parties is governed by Federal Rule of Civil Procedure 45, which allows for the same scope of discovery permitted by Rule 26(b). *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 645 (N.D. Cal. 2020). Under Rule 26(b), a court must limit the frequency or extent of discovery if it determines that "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The bulk of the briefing here focuses on Brown's first request for documents, which seeks materials related to deaths from COVID-19 at the Correctional Training Facility (CTF) from January 1, 2020, to December 31, 2021. *See* dkts. 19 (motion), 26 (opposition) & 25 (reply).[1]

Monterey County argues that it does not keep statistics tailored to CTF, which is run by defendant California Department of Corrections and Rehabilitation (CDCR), or to COVID-19 related deaths. Dkt. 26 at 2. Instead, Monterey County has records for every reportable death within its borders and searching them in the manner required to respond would be unduly burdensome. *Id.* at 2 & 4. Monterey County asks that Brown instead provide a list of the decedents' names, which the County will search. *Id.* at 4.

In his reply, Brown argues that this suggestion is untenable because he does not possess a list of names. Dkt. 25 at 4–5. However, in a footnote, Brown notes that he served an interrogatory on CDCR seeking the identities of each incarcerated person at CTF who died of COVID-19 from October 1, 2019, to March 15, 2021. *Id.* at 5 n.18; dkt. 25-1 at 42. CDCR presented objections and apparently did not provide the decedents' identities. Dkt. 25-1 at 42. CDCR did not object that it does not know their identities.

Additionally, in a supplementary response, Brown represents that he was in fact able to provide a list of approximately twenty-two names to Monterey County. Dkt. 45. It is not apparent to the Court whether these twenty-two comprise the complete list of persons associated with CTF who passed away from COVID-19 during the relevant date range.

---

[1] Brown objects that Monterey County's opposition was late. Dkt. 28. Monterey County objects that Brown filed this motion unilaterally. Dkt. 26. Brown represents that he was unable to submit a joint letter. Dkt. 25. The Court exercises its discretion to review the motion and the opposition, along with the reply and any attachments, on their merits.

Given that "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts," *Lemberg Law LLC v. Hussin,* No. 16-mc-80066, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016), the Court declines to compel non-party Monterey County to undertake a search when Brown could instead obtain the identities of any remaining decedents from CDCR. As a party to the case, CDCR is a "source that is more convenient [and] less burdensome." *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.").

Discovery in this case remains ongoing. *See* dkt. 24 (fact discovery cut-off January 8, 2027). Monterey County represents that it is amenable to performing a search for documents responsive to Brown's first request if provided with the names of the decedents. *See* dkt. 26 at 3–4. Brown has already provided twenty-two names. Dkt. 45. As such, the Court denies Brown's motion to compel a response without prejudice. In the event that CDCR's discovery responses fail to provide Brown with any outstanding names following Brown's vigorous pursuit of such information, Brown may pursue his subpoena to Monterey County.[2]

Given that the bulk of the briefing pertains to Brown's first request, the Court declines to rule on the other requests at present. If Brown and Monterey County are unable to informally resolve Brown's other requests, they may file a joint discovery letter on the Court's docket after a fulsome meet and confer via videoconference or in person. *See* AGT

---

[2] Monterey County argues that the subpoena is procedurally defective and should be denied, but presents no authority in support of that argument. *See* dkt. 26. Given the lack of authority, the Court will not decide the motion on that basis. Should Brown renew his pursuit of the subpoena, any new subpoena should be issued in the proper case.

Civil Standing Order § VII.B.

This order dispenses with dkt. 19.

**IT IS SO ORDERED.**

Dated: October 21, 2025

_____
Alex G. Tse
United States Magistrate Judge