ROB BONTA
Attorney General of California
JEFFREY T. FISHER
Supervising Deputy Attorney General
GURPREET SANDHU
JOHN W. FAULCONER
M. MAKIKO O'BRYAN
Deputy Attorneys General
State Bar No. 356803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 510-3811
  Fax: (415) 703-5843
  E-mail: Maki.OBryan@doj.ca.gov
*Attorneys for Defendants
J. Sesma, I. Perez-Pantoja, L. McDowell, D.
Metcalf, H. Orozco, C. Mell, Y. Martinez, J. DeAnzo,
J. Lopez, J. Peffley, C. Perryman, B. Cope, J. Reed,
A. Luna, S. Mora, Z. Brown, L. Scott, J. Bojorquez,
California Department of Corrections and
Rehabilitation, A. Villalobos, C. Koenig
and J. Hunter*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHELTON ADAMS, *et al.*,<br><br>*v.*<br><br>CDCR, *et al.* | *Adams*, case no. 4:21-cv-08545-JST<br>*Brown*, case no. 4:25-cv-04741-JST<br>*Milton*, case no. 4:23-cv-00582-JST<br>*Underwood*, case no. 4:24-cv-4399-JST |
| LAWRENCE BROWN, *et al.*,<br><br>*v.*<br><br>CDCR, *et al.* | **Defendants' Opposition to Plaintiffs' Motion for 90-Day Stay**<br><br>Date:        April 30, 2026<br>Time:       2:00pm |
| WILLIAM MILTON, et al.<br><br>*v.*<br><br>CDCR, *et al.* | Courtroom: 6<br>Judge:      The Honorable Jon S. Tigar<br>Trial Date:   None Set<br>Action Filed: November 3, 2021 |
| WILLIE UNDERWOOD,<br><br>*v.*<br><br>CDCR, *et al.* | |

Defs.' Oppo. to Pls.' Mot. for 90-Day Stay (4:21-cv-08545-JST)

**INTRODUCTION**

The Court should deny Plaintiffs' motion to stay because they fail to demonstrate hardship justifying a stay. Plaintiffs' counsel seeks a further stay due to ongoing proceedings regarding a potential license suspension. He even appears to seek this Court's intervention in his California Supreme Court action, which is inappropriate and irrelevant to the requested stay. Defendants already stipulated to a 60-day stay, but Defendants cannot agree to additional stays while counsel handles his legal licensure issues with no definite date of resolution. These cases were filed four years ago and—though some discovery is complete—the cases are still largely in the pleading stage, as Plaintiffs' pending motions to amend reveal. But these cases need not, and should not, be a "10-year affair." *Adams*, ECF No. 196 at 23. Defendants have an interest in litigating these cases expeditiously. Because (1) Plaintiffs failed to demonstrate hardship, (2) Defendants are prejudiced by further stays, and (3) the litigation would not be simplified by a stay, Plaintiffs must prosecute their cases without further delay.

**ARGUMENT**

**I.    THE COURT IS PRECLUDED FROM INTERVENING IN STATE COURT PROCEEDINGS**

To the extent Plaintiffs' motion asks this Court for relief in counsel's California Supreme Court proceedings, they have provided no basis to intervene. Plaintiffs' motion appears to hinge on the Court's ability and willingness to adopt certain findings that counsel has presented to the state court.[1] These findings include, in pertinent part, that the State Bar violated federal due process by discriminating against men. *Adams*, ECF No. 196 at 16. By requesting that the Court step in, Plaintiffs are, in essence, improperly asking this Court to provide relief in an unrelated state court action. *See Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008); *Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Because the Court cannot adopt Plaintiffs' findings that the State Bar violated federal law, and because any such analysis is not relevant to whether a stay should be granted in these cases, the Court should decline to impose a stay.

---

[1] "If the Court Elects to Make Findings, It Should Continue the Stay for 90 Days to Allow Counsel to Enforce Them." *Adams*, ECF No. 196 at 23.

## II.    PLAINTIFFS FAIL TO DEMONSTRATE THE NEED FOR A STAY

Plaintiffs fail to justify the need for a stay. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997), citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The movant bears the burden of establishing the need for the stay and must make out a clear case of hardship or inequity in being required to go forward. *Landis*, 299 U.S. at 255. In assessing the need for a stay, courts weigh several competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) whether granting the stay would simplify or complicate issues, proof, and questions of law. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), citing *Landis*, 299 U.S. at 254-55. Because all factors weigh in Defendants' favor, the Court should deny the motion.

### A.  Plaintiffs Fail to Describe the Hardship Suffered If Required to Go Forward

Beyond attempting to guilt the Court with the threat of "the potential collapse of a significant batch of important, federal civil rights litigations," Plaintiffs fail to describe the hardship they may suffer in being required to go forward. *Adams*, ECF No. 196 at 24. The hardship Plaintiffs advance is not their own; it is their lawyer's. To the extent Plaintiffs' counsel seeks relief from having to litigate these actions and his state-court proceeding at the same time, being required to litigate a case, without more, does not constitute hardship. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), referring to *Landis*, 299 U.S. 248; *see also Dependable Hwy. Express, Inc. v. Navigators, Inc. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Plaintiffs fail to present evidence or authority that litigating these cases with other counsel or *pro se* constitutes hardship. Furthermore, Plaintiffs and Plaintiffs' counsel have had ample time to find alternate representation or otherwise prepare for these concurrent proceedings.[2] Because Plaintiffs' primary basis for seeking a stay is their counsel's difficulty in prosecuting his state court matter along with these four federal actions, Plaintiffs have failed to demonstrate why a stay

---

[2] Plaintiffs' counsel's disciplinary proceedings began on August 31, 2023. *See Adams*, ECF No. 196-2, Exh. 7.

3

would be reasonable under these circumstances. *See Meister v. Pub. Serv. Co. of New Mexico*, No. CV 03-227 JB/RHS, 2003 WL 27384756, at *3 (D.N.M. Dec. 31, 2003).

### B. A Stay Would Prejudice Defendants

Plaintiffs' requested stay would prejudice Defendants because the stay would be potentially indefinite, as it is unknown when counsel's legal licensure issues will be resolved. Although Plaintiffs request 90 days now, they will undoubtedly seek more time if the state-court proceeding has not resolved when those 90 days expire.[3] Plaintiffs concede that "[t]he Department has a right to expect cases to be prosecuted," *Adams*, ECF No. 196 at 23, but their request does not address Defendants' interest in seeing these cases through discovery, dispositive motions, and, if necessary, trial. *See Clinton*, 520 U.S. at 707 (explaining that, where the district court abused its discretion in deferring trial until after the President would leave office, "[s]uch a lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial."). Defendants should not be subject to an indeterminate stay. *See Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000).

Plaintiffs claim in conclusory fashion that this litigation is a "10-year affair" and that "a few months in the middle" will not prejudice the parties. *Adams*, ECF No. 196 at 23. Setting aside that one should not enter a litigation assuming it will take a decade to resolve, Defendants have been diligently litigating these cases for four years, and Plaintiffs have failed to meaningfully advance them.[4] In three of the four cases, the pleadings are not even settled, as Plaintiffs have pending motions for leave to amend. *See Adams*, ECF No. 163; *Brown*, ECF No. 49; *Underwood*, ECF No. 45. Plaintiffs refused to identify a limited discovery plan to enable the parties to select bellwether plaintiffs in *Adams*, and objected to the Court's recommendation when it had to take matters into its own hands. *See Adams*, ECF Nos. 142, 146, 190. Furthermore, Plaintiffs' opposition to Defendants' proposed protective order—based on the Northern District's model—

---

[3] To date, Plaintiffs' counsel has filed six motions in his California Supreme Court matter, including a 120-day extension request. *See Adams*, ECF No. 196-4, Exhs. 20 (motion to recuse), 21 (motion to stay), 23 (motion to extend). The court granted a 30-day extension, so counsel's petition is not due until April 27, 2026. *See Adams*, ECF No. 196-4, Exhs. 30, 31. The Supreme Court may order review within 60 days of the petition being filed. *See* Cal. R. of Ct. 8.512(b)(1).

[4] *Adams* was filed November 3, 2021; *Milton* was filed February 8, 2023; *Underwood* was filed July 20, 2024; and *Brown* was severed from *Adams* and filed on June 5, 2025.

4

delayed discovery for months. *See Adams*, ECF Nos. 134, 187. Protective orders are still pending in *Milton* and *Underwood. See Milton*, ECF No. 73; *Underwood* ECF No. 44. The longer these cases sit stagnant, the more witnesses' memory and ability to testify will be degraded, especially given that several Defendants (and likely other witnesses) are retired or no longer employed by CDCR. Further delays due to issues with Plaintiffs' representation subvert Defendants' interest in litigating these cases expeditiously and avoiding further costs. *See Meister*, No. CV 03-227 JB/RHS, 2003 WL 27384756, at *2. Because a continued stay would prejudice Defendants, the Court should deny Plaintiffs' motion.

### C.  A Stay Would Not Simplify Issues

There is no indication that Plaintiffs themselves plan to engage in any "battle with the Bar to save their advocate." *Cf. Adams*, ECF No. 196 at 23. (That battle, like the asserted prejudice, belongs to counsel.) But, even if they did, a stay would not simplify any issues of law or fact in these cases. And because Plaintiffs' counsel's state-court proceedings are "unlikely to decide, or contribute to the decision of, the factual and legal issues" in these actions, a stay would be improper. *Carolina Cas. Ins. Co. v. Ott*, No. C09-5540 RJB, 2010 WL 1286821, at *3 (W.D. Wash. Mar. 26, 2010), citing *Lockyer*, 398 F.3d at 1113. Plaintiffs fail to demonstrate that the third and final interest weighs in their favor.

### CONCLUSION

Dragging these four actions out further is in neither party's interest. And Defendants should not have to suffer prejudice and further delay, in cases four-year-old cases that are barely past the pleading stages, to accommodate Plaintiffs' current counsel's personal issues with the State Bar. Because Plaintiffs failed to demonstrate cause for a stay, the Court should deny their motion.

Dated: March 24, 2026                          Respectfully submitted,

                                               ROB BONTA
                                               Attorney General of California
                                               JEFFREY T. FISHER
                                               Supervising Deputy Attorney General


                                               */s/ Maki O'Bryan*
                                               M. MAKIKO O'BRYAN
                                               Deputy Attorney General
                                               *Attorneys for Defendants*

SF2021605026
44998704.docx

6

# CERTIFICATE OF SERVICE

Case Name:   ***L. Brown v. CDCR, et al.***
Case No.       **4:25-cv-04741-JST**

I hereby certify that on <u>March 24, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Defendants' Opposition to Plaintiffs' Motion for 90-Day Stay**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 24, 2026</u>, at San Francisco, California.

|  |  |
|---|---|
| B. Chung | |
| Declarant | Signature |

SF2025400665
45009087.docx