United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG ALAN KOENIG, et al., <br><br> Defendants. | **ORDER DENYING MOTION TO STAY** <br><br> Case No. 21-cv-08545-JST <br><br> ECF No. 196 |
| LAWRENCE BROWN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CDCR, et al. <br><br> Defendants. | Case No. 25-cv-04741-JST <br><br> ECF No. 64 |
| WILLIAM MILTON, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CDCR, et al. <br><br> Defendants. | Case No. 23-cv-00582-JST <br><br> ECF No. 76 |
| WILLIE UNDERWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> CDCR, et al. <br><br> Defendants. | Case No. 24-cv-4399-JST <br><br> ECF No. 52 |

Now before the Court is Plaintiffs' motion to stay the proceedings in these four related

United States District Court
Northern District of California

cases due to Plaintiffs' counsel Benjamin Pavone's ongoing State Bar disciplinary proceedings.

The Ninth Circuit has articulated different tests for determination of a stay motion, depending on the different circumstances in which the motion is presented.  The Court agrees with Plaintiffs that the test articulated in *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir.1962) is appropriate here:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 268; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (same); ECF No. 196 at 23.  Although Plaintiffs identify these factors, however, they do not discuss them.

Plaintiffs have not shown a significant "hardship or inequity" from "being required to go forward."  Plaintiffs' counsel essentially wants to be able to allocate more time to the appeal of his State Bar suspension than he would have if he also had to work on these cases.  That is not grounds for a stay.  It also bears note that the proceedings are unrelated.  Usually when a court considers a motion for stay based on the pendency of another proceeding, the resolution of that other proceeding bears upon the case in which the motion is made.  *E.g., Flores v. Bennett*, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023).  Here, by contrast, attorney Pavone's disciplinary proceedings are completely unrelated to the present cases.  Thus, there is no risk of the hardships that accompany parallel or appellate proceedings, such as inconsistent rulings or discovery practice that might later found to have been unnecessary.

Finally, it bears mention that Plaintiffs' counsel's briefs are filled with inappropriate sarcasm and ad hominem attacks on opposing counsel.  For example, his reply brief states:

> Counsel can barely express sufficient gratitude for defense counsel's decision to impart her wisdom about case selection, from her position of authority based on practicing law for 18 months, to an attorney who was practicing law before she was born.

ECF No. 200 at 12.  In a similar vein, he writes, "For defense counsel, four years probably feels

United States District Court
Northern District of California

like a long time; it is, after all, 1/7th of the time she has been alive." *Id.* at 13. He also describes Defendants' opposition brief as "[y]et another installment of hypocrisy." *Id.*

Comments like these are beneath the dignity of the Court. The Court fails to understand why Mr. Pavone thinks that his rude, unprofessional, and sexist comments are good advocacy, particularly given that the Court has previously ordered him "to cease his uncivil communications and to conform his conduct to the requirements of Civil Local Rule 11-4 and the civility guidelines cited in this Order." ECF No. 138 at 9. While the Court does not deny the motion because of these comments, they violate the Court's prior order and cast him in a poor light. He is again ordered to cease this behavior.

For the foregoing reasons, the motion for stay is denied.

Within 14 days of the issuance of this order, the parties shall propose new dates for "(1) the February 13, 2026 deadline to select Discovery Pool Plaintiffs; (2) the February 27, 2026 deadline for selected Plaintiffs to file a request for dismissal; [and] (3) the March 13, 2026 deadline to select replacements for dismissed Discovery Pool Plaintiffs." ECF No. 194 at 2. Plaintiffs' pending motions to amend their complaint in *Adams v. CDCR* (21-cv-08545-JST), *Brown v. CDCR* (25-cv-04741-JST), and *Underwood v. CDCR* (24-cv-4399-JST) are taken under submission without a hearing.

**IT IS SO ORDERED.**

Dated: April 3, 2026



_____
JON S. TIGAR
United States District Judge