UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF COR-<br>RECTIONS AND REHABILITATION, et<br>al.,<br><br>Defendants. | Case No.  25-cv-04741-JST   (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 75 |

Plaintiff Lawrence Brown seeks responses from Defendants to Request for Production of Documents (RPD) 17. Dkt. 75. Defendants object. *Id.* The Court now finds that Defendants need not respond to RPD 17 as written, but orders the parties to further meet and confer on this issue.

RPD 17 seeks, "all DOCUMENTS . . . RELATED . . . to every PERSON'S . . . contraction of Covid-19 from January 1, 2020 to December 31, 2021 at CTF, including inmates and staff, and including but not limited to, the 'Confidential Morbidity Report' or comparable reporting form . . . ." Dkt. 75 at 2 & 20.[1]

Brown argues that he needs this information in order to identify potential class members. *Id.* at 4. Defendants respond that the potential class in this case includes only incarcerated persons, not staff, and runs only from July 20, 2020, to March 15, 2021. *Id.* at 5.

---

[1] Page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

Therefore, Defendants argue that RPD 17 is overbroad. Brown doesn't respond to these arguments.

The Court agrees that RPD 17 is overly broad. The potential class only includes incarcerated individuals who contracted COVID-19 from July 20, 2020, to March 15, 2021, dkt. 1 ¶ 796, and Brown doesn't explain why he needs information from outside those dates or pertaining to staff members. Defendants need not produce such information. However, materials pertaining to potential class members (*i.e.*, persons incarcerated at CTF who contracted COVID-19 during the specified date range) are relevant.

Next, it doesn't appear that (as of the filing of this letter brief) Defendants had produced any documents in response to RFP 17. And, as noted above, relevant and proportionate information pertaining to a potential class will likely be within the pool of documents implicated by RFP 17. *See* Fed. R. Civ. P. 26(b)(1). Defendants have an obligation to produce any such documents in their possession. *See* Fed. R. Civ. P. 34(a)(1); *see also Rabb v. Figueroa*, No. 23-CV-00843, 2024 WL 4121903, at *3 (E.D. Cal. Sept. 9, 2024) ("Despite the overly broad nature of a discovery request, a party typically has a duty to respond to it to the extent the discovery request is not objectionable and can be narrowed to an appropriate scope.") (cleaned up).

Finally, the parties dispute whether Brown requires a waiver from individual persons to access their records, or whether the protective order in place in this case is sufficient. Dkt. 75. This waiver issue has not been adequately briefed by the parties. Defendants also represent that they are in the process of consulting with attorneys from the California Department of Public Health on this issue, which the parties have discussed at meet and confers. *Id.* at 6. This issue is not yet ripe for ruling and so the Court will accept supplemental briefing, as

detailed below.

Brown's request for relief at dkt. 75 is denied without prejudice. The parties are or-dered to further meet and confer regarding (1) how RFP 17 might be narrowed appropriately in light of the Court's guidance here and (2) the extent to which waivers are needed. If the parties are unable to agree, they may file an updated joint discovery brief. Any such updated brief must address the burden of production on Defendants.

This order dispenses with dkt. 75.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____
Alex G. Tse
United States Magistrate Judge