UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BROWN,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | Case No. 25-cv-04741-JST (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 114, 115 |

The parties have submitted two discovery letters. *See* dkts. 114 & 115. Because both letters involve Plaintiff's efforts to obtain Confidential Morbidity Reports ("CMRs") and related information from either CDCR or the California Department of Health ("CDPH"), the two letters are addressed jointly.

*A. Time Period*

As an initial matter, the parties disagree about the relevant time period that should govern Plaintiff's request. Dkt. 115 at 2, 5. While they agree that the window should end on March 15, 2021, Plaintiff seeks a window beginning January 1, 2020, while Defendants press for a start date of July 20, 2020.

The Court sides with Defendants. In its previous discovery order on this issue, the Court noted that the potential class in this case only includes incarcerated individuals who contracted COVID-19 from July 20, 2020 to March 15, 2021. Dkt. 76 at 2; dkt. 1 at ¶ 796.

At that stage, the Court found that Plaintiff hadn't explained why he needed information beyond the class window. Dkt. 76 at 2.

Plaintiff now "request[s] that the beginning remain at January 1, 2020 to illuminate the question of the superspreader's origin" by "address[ing] the reports by certain inmates who claim they caught Covid before July 20, 2020." Dkt. 115 at 2. This doesn't persuade the Court. Plaintiff's desired time period goes beyond the class definition issues he previously put forward to justify this request. Dkt. 75 at 4. His new assertion that this information could address "relevant causation issue[s]" doesn't convince the Court that the information he requests is relevant and proportional to the needs of the case. Dkt. 115 at 2; Fed. R. Civ. P. 26(b)(1).

The operative window for this request will therefore be July 20, 2020 to March 15, 2021.

*B. The CMRs*

Next, the parties disagree about whether Plaintiff may obtain CMRs from either CDCR or CDPH.

The Court's previous order on this matter noted that these materials would likely be relevant; it also stated that the "relevant and proportional information pertaining to a potential class will likely be within the pool of documents implicated" by the request here. *Id.* The Court finds that the CMRs for individuals within the class window fall squarely "within the pool of documents implicated" by Plaintiff's request. *Id.*

CDCR and CDPH don't substantially contest that the CMRs are relevant, but instead provide other reasons why they shouldn't be compelled to produce them. CDCR asserts that producing CMRs for individuals within the potential class would be "unduly burdensome"

because it would require it to review individual medical records for every inmate incarcerated during the class period. Dkt. 115 at 6. CDPH states that producing the CMRs would force it to disclose incarcerated individuals' private information, and that Plaintiffs can otherwise obtain this data from CDCR. Dkt. 114 at 4-5.

The Court agrees that Plaintiffs may obtain these records from CDCR. CDCR has already produced other information narrowing the universe of inmates who would have a CMR, including a patient registry "detailing the Covid status" of certain individuals potentially within the class. Dkt. 115 at 5. It also appears that the parties have made progress towards fixing the relevant universe of potential class members. Dkt. 114 at 4 (estimating class size at 2,323). This undermines CDCR's arguments that allowing this request would unduly burden it by requiring CDCR to comb one-by-one through the individual records of each inmate housed at CTF during the class period. *See* dkt. 115 at 6. The parties should meet and confer to discuss mechanisms by which CDCR will produce the CMRs in question.

Finally, the Court raises its previous request that the parties discuss "the extent to which waivers are needed" or "whether the protective order in place in this case is sufficient." Dkt. 76 at 2-3. While CDPH's submission discusses waivers and the concerns potentially implicated by the production of third parties' medical records, CDCR's briefing provides no discussion of these issues at all. Dkt. 115 at 5-6. The Court generally agrees with Plaintiff's analysis that the current protective order in this case adequately addresses these concerns. *Id.* at 4; *see also* dkt. 60. The parties should also meet and confer to confirm whether any waiver issue remains with respect to CDCR's production.

/ / /

/ / /

This order disposes of dkts. 114 and 115.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Alex G. Tse
United States Magistrate Judge